IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.

CRIMINAL NO. 3:18CR082

CEDRIC GORDON

## MOTION TO SUPPRESS EVIDENCE

Defendant, Cedric Gordon, by and through counsel, respectfully requests that all physical evidence and statements be suppressed based upon law enforcement officers' violation of the Constitution of the United States and the Fourth Amendment, by failing to have probable cause to stop Mr. Gordon's vehicle. In support of this motion, Mr. Gordon would respectfully show as follows:

### Statement of Facts

On September 9, 2018, around 10:30pm, Mr. Gordon was driving a vehicle on Highway 51 near Stateline Road. According to Deputy Robert Forbert's statement, as Mr. Gordon's vehicle passed, he noticed a female not wearing a seatbelt. Deputy Forbert got behind the vehicle and claimed he attempted to read the license tag, but was unable to do so because the tag light was out. Deputy Forbert claims this was the reason he initiated a traffic stop. Deputy Forbert approached the vehicle and said he smelled marijuana coming from the vehicle. Mr. Gordon's criminal history came back positive and he was arrested. The vehicle was searched, turning up drug and a gun.

1

An indictment was returned by the grand jury charging Mr. Gordon with three counts: possession with intent to distribute a controlled substance, felon in possession, and possession of a firearm in furtherance of a drug trafficking crime, all based on the September 9, 2018 stop [1].

## Argument

**The evidence must be suppressed because the officer violated Mr. Gordon's Fourth Amendment rights.**

The Fourth Amendment to the United States Constitution provides that:

> [T]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.     *U.S. Const. amend. IV.*

At issue here is the initial justification for the stop of Mr. Gordon's vehicle, not what was found inside of the vehicle.   The legality of traffic stops are evaluated under the two-step framework of *Terry v. Ohio*, asking first whether "the officer's action was justified at its inception"—that is, whether the initial stop was valid—and then whether the officer's subsequent actions "were reasonably related to the circumstances that justified the stop, or to dispelling his reasonable suspicion developed during the stop."  *United States v. Villafranco-Elizondo*, 897 F.3d 635, 640 (5th Cir. 2018).   A lawful traffic stop must be based on "an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred or is about to occur."  *Id*.   The district court must make a fact-specific inquiry.  *Id*.

Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of the Fourth Amendment.   *United States v. Miller*, 146 F.3d 274, 277 (5th Cir. 1998).

2

An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." W*hren v. United States*, 517 U.S. 806, 808–10 (1996) (internal citations omitted). Simply put, if the tag light was working, then there was no violation warranting the traffic stop1.

Officer Forbert claimed he believed he had probable cause to pull Mr. Gordon's vehicle over due to the vehicle's tag light being out. However, the pictures taken by the officer clearly show the lights on the tag light to be in working condition. *See* Exhibit 1 and 2. No objectively reasonable probable cause existed to believe a traffic violation was taking place. *See e.g.*, *Whren* 517 U.S. 808-10. Anything found pursuant to the search must be suppressed as fruit of the poisonous tree. *Wong Sun v. United States*, 371 U.S. 471 (1963).

<u>**Conclusion**</u>

An officer must have at least objectively reasonable suspicion to believe a traffic violation has occurred to justify the initial stop. If no traffic violation occurred, no traffic stop can be justified. Here, because Deputy Forbert based the traffic stop on "non-working tag lights," and the pictures clearly show working tag lights, the traffic stop cannot stand. *See* Exhibit 1 and 2.

Defendant respectfully requests that all physical evidence and statements be suppressed based on the violation of the Constitution of the United States and the instructions of *Terry*, because the deputy failed to have an objective, reasonable, articulable suspicion that a traffic violation occurred. The search and seizure of Mr. Gordon violated constitutional standards, and any evidence seized and statements made must be suppressed under the doctrine of "the fruit of

---

1 The marijuana odor is not relevant to the suppression issue presented by Mr. Gordon.

the poisonous tree." *See Wong Sun*, 371 U.S. 471. If it pleases the Court, Mr. Gordon respectfully requests an evidentiary hearing on this motion.

Respectfully submitted,

CEDRIC GORDON

*/s/ George L. Lucas*
GEORGE L. LUCAS
MS Bar No. 1476
Assistant Federal Public Defender
1200 Jefferson Avenue, Suite 100
Oxford, Mississippi 38655
Telephone: (662) 236-2889
Fax: (662) 234-0428
george_lucas@fd.org

## CERTIFICATE OF SERVICE

I, George L. Lucas, attorney for the Defendant, Cedric Gordon, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that the following party will be notified electronically of filing:

Hon. Samuel R. Stringfellow, AUSA
samuel.stringfellow@usdoj.gov

Dated this the 18th day of September, 2018.

*/s/ George L. Lucas*
GEORGE L. LUCAS
Assistant Federal Public Defender